```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
                -against-                                   :
                                                            :
DAMIAN CAMPAGNA, et al.,                                    :
                                          Defendants.       :
                                                            :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/11/2016

OPINION AND ORDER

16 Cr. 78 (LGS)

LORNA G. SCHOFIELD, District Judge:

On February 3, 2016, Defendant Damian Campagna and a co-defendant were charged in an Indictment with firearms trafficking conspiracy, firearms trafficking and possession and transfer of a machine gun in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 922(o)(1) and (2). Campagna now moves to suppress evidence obtained from a search of his business, North Shore Motorcycles ("NSM"), on December 7, 2015. In the alternative, Campagna moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Campagna also moves to require the Government to disclose the identity of the informant or informants upon whose information it relied in drafting the application for the search warrant at issue. For the following reasons the motion to suppress evidence and for a *Franks* hearing is denied. Campagna's motion to require the government to disclose the identity of its informants at this time is also denied.

I.   **BACKGROUND**

The facts below are taken from the attorney affirmation of Andrew L. Mancilla, and accompanying exhibits, including the search warrant and its Attachment A; the search warrant affidavit; affidavits of three witnesses with knowledge of the premises at issue; photos of the premises; a Consent to Search Form; and correspondence between defense counsel and the Government, as well as documents filed with the Court and reflected on the docket.

**20 Denton Avenue**

20 Denton Avenue, located in New Hyde Park, New York, is a freestanding commercial building. It contains approximately twenty-two rooms on two floors and houses three businesses: NSM, JDRC Motorsports ("JDRC"), and KJ Powder Coating ("KJ"). Campagna is the owner of NSM, and David Robbins is the owner of JDRC. For the last five years, Campagna and Robbins have co-leased the entire premises at 20 Denton Avenue. In or about October 2014, Keith Uhler and Joe Naidus began subletting rooms on the second floor of 20 Denton Avenue from Campagna and began to do business as KJ "to assist in powder coating motorcycle parts for his business and others." At the time of the search in question, December 7, 2015, none of the three businesses had a separate unit address or mailbox. On the front of the building was a large sign reading "North Shore Motorcycles." A smaller removable sign reading "JDRC Motorsports" hung nearby.

Robbins, the owner of JDRC, submitted an affidavit stating that "at the time of the search on December 7, 2015 there was no sign or label on my business premises or on the entrance to my business premises that indicated my portion of the building was 20A Denton Avenue." He told an agent during the search that "the door on the left [of the second floor] was rented by a powder coating company and the two doors on the right were Mr. Campagna's."

Uhler, one of the owners of KJ, submitted an affidavit stating that he sublet space on the second floor of 20 Denton Avenue, and that KJ did not have a separate entrance or address.

Andrew Abbene, an employee of NSM, submitted an affidavit stating that "[a]t the time of the search on December 7, 2015 there were no labels on the doors that distinguished Mr. Robbins' entrance from Mr. Campagna's. There was no door at 20 Denton Avenue labeled 20A Denton Avenue."

**The Investigation Preceding the Warrant**

The search warrant affidavit is dated November 30, 2015. The following is a summary of its description of the criminal investigation:

Beginning in or around May 2014, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began to investigate a ring illegally distributing firearms in the Southern District of New York (the "Firearms Ring"). Through communication with a member of the Firearms Ring ("CC-1") and surveillance, the ATF learned that Defendant Campagna was a member of the Firearms Ring, and that the Firearms Ring used NSM to facilitate firearms trafficking. At all relevant times, Campagna was the owner and manager of NSM, located at 20 Denton Avenue.

Approximately two years ago, CC-1 spoke to Defendant Michael Burdge about acquiring firearms. Burdge informed CC-1 that Campagna could obtain guns for CC-1 to sell. Around the same time, Campagna, Burdge and CC-1 agreed that Campagna would provide firearms for CC-1 to sell to a buyer, and CC-1 would pay Campagna a set price for each firearm. CC-1 and Burge agreed to split any additional profit between themselves.

On or about May 1, 2014, an undercover ATF agent ("UC") met with CC-1 in the vicinity of 55th Street and 8th Avenue in New York, New York to discuss the possibility of UC purchasing firearms from CC-1. CC-1 agreed to sell firearms to UC and together they agreed on terms. CC-1 also gave UC his telephone number so they could meet to complete the transaction. The meeting was audio recorded.

On or about May 2, 2014, CC-1 and UC met in Garden City, New York, where UC purchased five firearms from CC-1. The transaction was video and audio recorded. Immediately after the sale, CC-1 traveled to 20 Denton Avenue. CC-1 met Campagna inside the building and paid him in cash for his share of the proceeds.

On or about March 24, 2015, UC purchased three more firearms from CC-1. The transaction was video and audio recorded. Again immediately after the sale, CC-1 went to 20 Denton Avenue. Upon arrival, CC-1 met Burge in the parking lot and together they entered and paid Campagna his share. On or about April 2, 2015, UC purchased four more firearms from CC-1. The purchase was video and audio recorded. CC-1 again went immediately to 20 Denton Avenue and paid Campagna his portion of the sale. On May 11, 2015, a fourth sale of six firearms occurred, and again was video and audio recorded. After this sale, CC-1 contacted Burdge to inform him the sale had been completed. Burdge arrived at CC-1's location and took his and Campagna's shares of the proceeds.

In connection with these sales, CC-1 communicated with Burdge before each sale. CC-1 obtained each firearm from Campagna. Prior to the May 11, 2015, sale, CC-1 met with Campagna at 20 Denton Avenue. Campagna reached into a concealed nook in his office and retrieved six rifles for CC-1 to sell.

### The Search Warrant

On November 30, 2015, Magistrate Judge Anne Shields, based on the search warrant affidavit summarized above, issued a warrant to search "the premises known and described as Northshore [sic] Motorcycles, 20 Denton Avenue, New Hyde Park, New York." Attachment A to the Warrant describes the subject premises as "[a] two-story building located at 20 Denton Avenue . . . identified by an exterior sign reading, 'North Shore Motorcycles.'" The items to be seized include firearms and ammunition, as well as related documents, data, proceeds and photographs as detailed in Attachment A that are evidence of violations of 18 U.S.C. §§ 371, 922(a)(1)(A), 922(o), 924(n) and (2).

### The Search

On December 7, 2015, ATF agents searched 20 Denton Avenue and recovered firearms from the premises. At the time of the search, "there was no sign that indicated any portion of 20 Denton Avenue was subdivided and there was no door at 20 Denton Avenue labeled 20A Denton Avenue." The Government did not seize 18 firearms that belonged to Campagna because, according to the Government, "the ATF did not at that time search the premises at 20A Denton Avenue." Defendant asserts, and submits affidavits to show, that ATF searched the entire premises at 20 Denton Avenue, including the part later designated 20A and suggests that the agents simply did not find these firearms.

### Post-Search Events

Approximately one week after the search on December 7, 2015, David Robbins placed a "20A" sticker on his entrance to the premises at 20 Denton Avenue and purchased a separate mailbox for 20A Denton Avenue to distinguish it from the business premises operated by Campagna.

On February 22, 2016, Campagna disclosed that the Government had not seized 18 firearms remaining in his possession. These firearms were stored in the area Robbins designated as "20A" after the December 7 search. The 18 firearms were seized pursuant to a consensual search on February 22, 2016.

## II.    LEGAL STANDARD

It is well known that the Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and "categorically prohibits the issuance of any warrant except one particularly describing the place to be searched and the persons or things to be seized." *Maryland v. Garrison*, 480 U.S. 79, 83 (1987) (internal quotations omitted). Thus, "search

warrant procedures are not mere formalities; they protect against indiscriminate searches and seizures." *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015).

The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate. *United States v. Voustianiouk*, 685 F.3d 206, 211 (2d Cir. 2012). Courts "look to the place that the magistrate judge who issued the warrant intended to be searched, not to the place that the police intended to search when they applied for the warrant." *Id.*

If, after the search is complete, it is discovered that the warrant is invalid, evidence is not automatically suppressed. Rather, an analysis must be done under the good faith standard. Only "(1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable," is the search invalid and the evidence suppressed. *United States v. Galpin*, 720 F.3d 436, 452 (2d Cir. 2013).

## III. DISCUSSION

Contrary to Defendant's arguments, the search warrant is sufficiently particular, contains no material misstatements or omissions and does not rely on stale information to establish probable cause. Defendant has not made a showing sufficient to warrant a *Franks* hearing. The motion to suppress evidence obtained from the search is denied.[1]

---

[1] The Government's contention that Campagna does not have standing to bring a Fourth Amendment challenge is incorrect. It is undisputed that Campagna was the owner of North Shore Motorcycles and the co-lessor of 20 Denton Avenue at all relevant times and, therefore, has the requisite expectation of privacy. *See United States v. Smith*, 621 F.2d 483, 488 (2d Cir. 1980).

### A. The Warrant is Sufficiently Particular

The search warrant is sufficiently particular. To meet the particularity requirement of the Fourth Amendment, the warrant must "identify the specific offense for which the police have identified probable cause," *Galpin*, 720 F.3d at 445, and must also "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The warrant itself, and not solely the application for the warrant, must meet this requirement. *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). A warrant may incorporate other documents by reference. *Id.* at 557-58.

The search warrant here, including its Attachment A incorporated by reference, meets this requirement. It identifies the premises as 20 Denton Avenue, and describes the structure as a two-story building with a sign reading "Northshore [sic] Motorcycles." It itemizes the items to be seized, including firearms and ammunition in connection with alleged violations of 18 U.S.C. §§ 371, 922(a)(1)(A), 922(o) and (2).

Campagna argues that, because the three businesses operate at 20 Denton Avenue, the premises is divided into separate units, each requiring an individualized showing of probable cause. This argument is incorrect. Campagna contends that "the place described in the warrant [did] not comport with the place confronting officers when they attempt[ed] execution." *United States v. Clark*, 638 F.3d 89, 94 (2d Cir. 2011). "If, during the search, the officers become aware that the warrant describes multiple residences, the officers must confine their search to the residence of the suspect. . . . Factors that indicate a separate residence include separate access from the outside, separate doorbells, and separate mailboxes." *United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994). Here, sworn affidavits submitted in support of the motion attest that, at the time of the search, there was no sign to differentiate the entrance to Robbins' business from Defendant's business, and the third business had no separate entrance. The three businesses also

did not have separate doorbells or separate mailboxes.  Nothing in the record suggests that there were any other similar indicia of separateness to alert the agents that there were three discrete business "residences" occupying the building, each with an expectation of privacy as to a separate space.  The warrant authorizes the search of "the premises known and described as Northshore Motorcycles, 20 Denton Avenue," and the agents were not obliged to restrict the scope of the search once they entered the building.  *Accord United States v. Pescatore*, No. 05CR128, 2006 WL 47451, at *14 (E.D.N.Y. Jan. 5, 2006) (search of a second floor office found not beyond the scope of the warrant where no separate access from outside, separate doorbells or mailboxes, and no conspicuous sign indicating a separate business  in the building).  The motion to suppress on the ground that the warrant lacked particularity is denied.

### B. The Search Warrant Application Contains No Material Omissions or Misrepresentations

The warrant contains no material omissions or misrepresentations.  The search warrant affidavit describes Defendant as "the owner of the business located" at 20 Denton Avenue, and does not mention JDRC and KJ.  Defendant contends that the warrant's failure to describe the number of rooms and the two additional businesses constitute material omissions and misrepresentations rendering the warrant invalid.

"[T]o suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the issuing judge's probable cause or necessity finding."  *United States v. Thomas*, 788 F.3d 345, 350 (2d Cir. 2015) (quoting *United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013)).  Here the alleged omissions were neither

material nor deliberately false or reckless.  (State of mind is discussed below in the section relating to the application for a *Franks* hearing).

An omission or misstatement in a search warrant application is material when that information alters the outcome of the probable cause analysis.  In other words, "the ultimate inquiry is whether, after putting aside erroneous information and correcting material omissions, there remains a residue of independent and lawful information sufficient to support a finding of probable cause or necessity."  *Id.*  Adding that two additional businesses operate at 20 Denton Avenue and the precise number of rooms at the location does not diminish the facts upon which probable cause were based -- that Defendant occupied the premises and that he supplied illegal firearms from there.  The failure to establish the materiality of the alleged omission from the warrant application is alone sufficient to undermine Defendant's challenge to the warrant on that ground.

**C.  Defendant Has Not Made A Sufficient Showing to Warrant a *Franks* Hearing**

Campagna has failed to meet the standard to justify a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  "[T]he Fourth Amendment entitles a defendant to a [*Franks*] hearing if he or she makes a 'substantial preliminary showing' that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause."  *United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (citing *Franks*, 438 US at 177).  "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons.  Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent

mistake are insufficient." *Franks*, 438 U.S. at 177; *see also United States v. Leon*, 468 U.S. 897, 913-15 (1984).

Campagna asserts that, in the search warrant affidavit, dated November 30, 2015, the Government knowingly misrepresented the number of businesses operating at 20 Denton Avenue and the alleged subdivisions of 20 Denton Avenue, leading the court to issue an overly broad search warrant.  Defendant's assertion is based on his construction of the Government's letter dated and filed February 24, 2016.  In the letter, the Government states that on December 7, 2015, the ATF searched the premises at 20 Denton Avenue, but *not* 20A Denton Avenue; and that on February 22, 2016, they entered the premises at *both* 20 Denton Avenue and 20A Denton Avenue.  Campagna construes this as a concession that the Government knew on November 30, 2015, that 20 Denton Avenue comprised multiple units.  The Government's letter, dated February 24, 2016, must be read in context.  The original search occurred on December 7, 2015, when none of the businesses at 20 Denton Avenue had a separate address.  Approximately one week later, Robbins devised the new address "20A Denton Avenue," and placed it on a sticker at his entrance.  The agents visited the premises again on February 22, 2015, when the agents executed the consensual seizure.  That the Government was aware of a 20A Denton Avenue on February 22, 2015, does not suggest that the Government was aware of that separate address on November 30, 2015 -- particularly since that address did not exist (and likely had not even been conceived) on November 30, 2016.  Defendant's argument falls far short of making a substantial preliminary showing that the search warrant affidavit was knowingly or reckless false.  Accordingly, Defendant's motion for a *Franks* hearing is denied.

### D. The Information in the Search Warrant Application Was Not Stale

The information on which the finding of probable cause was based was not stale.  A search warrant may lack probable cause "where the evidence supporting it is not sufficiently

10

close in time to the issuance of the warrant that probable cause can be said to exist as of the time of the search -- that is, where the facts supporting criminal activity have grown stale by the time the warrant issues." *United States v. Raymonda*, 780 F.3d 105, 114 (2d Cir. 2015) (internal quotation marks omitted). There is no bright-line rule determining staleness. *Id.* "The two critical factors in determining staleness are the age of the facts alleged and the 'nature of the conduct alleged to have violated the law.'" *Id.* (quoting *United States v. Ortiz*, 143 F.3d 728, 732 (2d Cir. 1998)). "Where the affidavit establishes a pattern of continuing criminal activity, such that there is reason to believe that the cited activity was probably not a one-time occurrence, the passage of time between the last alleged event and the warrant application is less significant." *Id.* (internal quotation marks omitted).

According to the facts set forth in the search warrant affidavit, the time between the last criminal act alleged and the application for the arrest warrant is approximately seven months, from mid-May 2015 to the end of November 2015. The alleged facts underlying the search warrant establish a pattern of continuing criminal activity for a period of at least 18 or 19 months from May 2014 to November 2015. Affording due deference to the findings of the magistrate judge that this information justified a finding of probable cause, the seven months between the last firearms purchase and the search warrant affidavit is insufficient to render the information stale and negate the probable cause underlying the search warrant. *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007) (holding that district court "must accord considerable deference to the probable cause findings of the issuing magistrate"). The motion to suppress on the ground of staleness is denied.

### E.  The Identity of Informants Need Not Be Disclosed at This Time

Campagna's motion to require the Government to disclose the identity of its informant or informants and other information regarding that individual or individuals at this time is also

denied.  A defendant seeking this information despite the "informer's privilege" afforded under law, *see Roviaro v. United States*, 353 U.S. 53. 60 (1957), bears the "heavy burden of showing that disclosure is 'essential to the defense.'"  *United States v. Jimenez*, 789 F.3d 167, 170 (2d Cir. 1986).  Campagna has speculated that disclosure will be helpful to his defense, but has not met the burden required by law.  The Government has committed to produce impeachment or other material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), prior to trial or, if appropriate, prior to any fact hearing, with sufficient time for defense counsel to prepare for cross-examination.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to suppress evidence, request for a *Franks* hearing and request for the informant's identity is denied.

SO ORDERED.

Dated: August 11, 2016
       New York, New York

                                                           _____
                                                           **LORNA G. SCHOFIELD**
                                                           **UNITED STATES DISTRICT JUDGE**